**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Iago SAFUR, Defendant-
Appellant.**

**No. 12040.**

United States Court of Appeals
Seventh Circuit.

Jan. 10, 1958.

Frank J. McAdams, Jr., Chicago, Ill., for appellant.

Phil M. McNagny, Jr., U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

MAJOR, Circuit Judge.

Defendant was charged in a six-count indictment with a violation of Title 18 U.S.C.A. § 1010, entitled "Federal Housing Administration transactions." Upon a trial by jury defendant was convicted on counts 5 and 6, and acquitted on the first four counts. The Court entered judgment upon the verdict as rendered and sentenced defendant to imprisonment for a term of two years on each count, the maximum penalty authorized, and ordered that the sentences be served consecutively. From this judgment defendant appeals.

The sole contention here is that the proof was insufficient to support the verdict on counts 5 and 6. We are met at once, however, with the fact that the issue was not raised in the Court below by motion for acquittal or otherwise, which presents the question as to whether it should be considered on review. This depends upon whether such insufficiency amounts to plain error within the meaning of Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Relative thereto, we can do no better than quote from the recent opinion of this Court in United States v. Vasen, 222 F.2d 3, 6, as follows:

"And when issues have, on the whole been left to the jury in sub-

stantial compliance with the applicable law, we will not notice an error which the trial judge has not been asked to correct unless substantial rights have been adversely affected; that is to say, only seriously prejudicial error will be noticed, in the absence of objection. [Citing cases.] The error must be such as would result in manifest miscarriage of justice or affect seriously the fairness of judicial proceedings. [Citing cases.]"

■ Obviously, a conviction upon insufficient proof, even in the absence of a motion for acquittal, would amount to a manifest miscarriage of justice. The government appears to so recognize because it states in its brief that a reading of the record "will quickly convince this Court that there was substantial evidence to support the verdict of the jury." We have read the entire record of the proceedings in the trial court and, unfortunately for the government, we are left in grave doubt as to the sufficiency of the proof.

It is fair and perhaps due to the trial judge to state that the trial record reveals no prejudicial error. This is evidenced by the fact that no error is asserted other than the insufficiency of the proof. How the trial judge would have ruled on that issue if it had been properly presented and argued we need not speculate. We are convinced that under the circumstances of the case we cannot escape the responsibility of reviewing and deciding the issue presented.

Defendant as a contractor was engaged in the business of repairing homes and, upon entering into a contract with the owners relative thereto, in making arrangement for such owners to negotiate a loan, payment of which would be guaranteed by the Federal Housing Administration. In accomplishing this purpose, certain procedures were set forth by the federal agency. In a general way, it was required that defendant procure a contract and a credit application signed by the home owner, to be presented to the lending agency for determination as to

whether the application should be approved. If so, the lending agency issued an advance notice of approval. After the work was completed in accordance with the contract, the contractor took from the home owner a note for the amount agreed to be paid and at the same time what is known as "a Title I FHA completion certificate."

The sole issue for decision on both counts under review, as stated in the government's brief, "is whether the proof is sufficient to establish that the Title I Completion Certificates were signed by the borrowers prior to the completion of the work." The government contends, of course, that they were, and this constitutes the false statements with which defendant was charged. There is no contention or proof that any persons connected with the transactions were defrauded; in fact, the record definitely establishes that the job contracted to be performed by defendant under each count was completed in a satisfactory manner.

■ We think no good purpose could be served in a detailed discussion of the rather voluminous evidence upon which the government relies, much of which is irrelevant to the crucial question as to when the completion certificates were signed. The transaction upon which the fifth count is based commenced March 18, 1954, when defendant met Fletcher McAfee and his wife, Alice, and procured their contract which called for certain improvements to be made on their home. Admittedly, some papers were signed by McAfee and his wife on that occasion. Both McAfee and his wife testified that they signed papers on that and no other occasion. Thus, it may be inferred that the completion certificate, while given a subsequent date, was signed by the McAfees at the same time they signed the contract and the application for credit. They further testified that defendant commenced work on their home the day following the signing of the contract and that the workmen returned a week later and completed the job in about three days. There is testimony by the bookkeeper for Bob Rans Wholesale Company,

from whom defendant purchased material, that material was furnished defendant ostensibly for the McAfee improvement on March 30, 1954, and that defendant brought in the completion certificate on the following day. It is argued by the government that if the material for the McAfee improvement was procured by defendant on one day, he could not on the following day have presented a completion certificate, signed by the McAfees after the job was completed. However, the testimony of the Rans bookkeeper has little probative value, in view of her further testimony that she did not know whether the material procured by defendant on March 30 was used in the McAfee job. Her lack of knowledge in this respect is of some importance in view of defendant's undisputed testimony that he had building material in stock, as well as other sources of supply. We do not agree with the government that the proof in support of this count was "particularly strong." In fact, we think to the contrary. We do agree, however, that it was sufficient to present a jury question and that the judgment based on this count must stand.

The transaction relied upon in support of count 6 commenced March 15, 1954, when defendant entered into a contract with William Ross and his wife, Geneva, for a remodeling job on their home. On March 25, 1954, defendant presented to Bob Rans Wholesale Company the completion certificate on this job. William Ross did not appear as a witness. Thus, the government must rely in the main upon the testimony of Geneva Ross in support of its charge that the completion certificate was signed by Ross and his wife prior to performance of the work specified in the contract. A reading of her testimony is convincing that it furnishes no support for a finding as to when the completion certificate was signed by her and her husband. She first testified that she signed only two papers, both on her first meeting with defendant. If such were the fact, it indicates that the proper procedure was being followed because at that time a contract and an application for credit should have been signed. Moreover, this testimony, if believed, would indicate that she and her husband never signed a completion certificate. However, she admitted the signatures on the certificate presented by defendant to the Rans Company were those of her and her husband. She identified their signatures on numerous other exhibits which were offered in evidence, although she was unable to state when they were signed. Finally she admitted that she did not remember and would not state when the completion certificate was signed, that it was possible that it was signed after the work was completed.

The government apparently in an attempt to bolster the testimony of this witness asserts that defendant's counsel conducted an unfair cross-examination, that she was a person of meager education and was hedging against a possibility that she might be impeached. We discern nothing unfair about the cross-examination even though prolonged, due perhaps to the uncertain and contradictory nature of her testimony. More than that, we are not impressed with the idea that the illiteracy of the witness added weight to her testimony.

The government, in support of this count as it did in support of count 5, relies upon the testimony of the bookkeeper for Bob Rans Wholesale Company that the completion certificate was presented March 25, 1954, and that material ostensibly for the Ross job had been delivered to defendant on the previous day. The government makes the same contention as it did with reference to count 5, that the completion certificate could not have been obtained on the day following the delivery of material. This argument assumes, of course, that the material procured by defendant March 24 was used on the Ross job. There is no proof of this fact. The bookkeeper testified that she had no knowledge on this point. More than that, the government's proof shows that work on the Ross job was in progress as early as March 18, which is inconsistent with the contention that the

material was not obtained until March 24.

In our judgment, the government's proof was insufficient to justify a submission of count 6 to the jury, and the judgment based thereon cannot stand. The portion of the judgment based upon count 5 is affirmed; that based upon count 6 is reversed, with directions that it be vacated.

HASTINGS, Circuit Judge.

I concur in the majority opinion affirming the conviction on Count 5, and I dissent from the majority opinion reversing the conviction on Count 6. I would affirm the conviction under both Counts 5 and 6.