John Dyer CARR, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14022.

United States Court of Appeals
Sixth Circuit.

June 8, 1960.

Harry A. Abrams, Cincinnati, Ohio, for appellant.

John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn. (C. C. Ridenour, Asst. U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before SHACKELFORD MILLER, Jr., and CECIL, Circuit Judges, and HOLLAND, Senior District Judge.

PER CURIAM.

Appellant was found guilty by a jury and received a sentence of forty months imprisonment under an indictment charging him with uttering and publishing as true, with intent to defraud the

United States, a forged and counterfeited writing, to wit, a certain United States Treasury check, knowing the same to be forged and counterfeited, in violation of Section 495, Title 18, U.S.Code.

The check in question was a Treasury check in the amount of $293.52, issued by the Tennessee Valley Authority, payable to the Wise Iron & Wire Works, Inc., which had been mailed to that company in Knoxville, Tennessee, but not received by it. Appellant testified that he was in a poker game in Knoxville, Tennessee, with strangers, that he was winning, that one of the players produced the check and asked appellant to cash it, but it was not endorsed and appellant agreed to lend the player $150.00 and hold the check as security, and that the borrower signed the name "John C. Wise" on the back of the check for identification purposes only and turned the check over to appellant.

The Government introduced no evidence contradicting appellant's version of the circumstances under which he obtained possession of the check, but did introduce evidence that the name "John C. Wise" on the back of the check was in appellant's handwriting, that several days after the alleged poker game appellant contacted a lawyer in Knoxville, Tennessee, and attempted to obtain $100.00 from him through use of the check, that the lawyer said he would have to get the money and would meet him later, but the lawyer, instead, called the police who went to the meeting place and arrested appellant.

■ The offense of uttering and publishing a forged or counterfeited writing is necessarily limited to writings that are forged or counterfeited. The burden is upon the Government of introducing the necessary evidence to show that the writing is forged or counterfeited. Conley v. United States, 6 Cir., 257 F.2d 141, 143.

■ The word "forgery" is commonly defined as the false making or materially altering, with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. Wright v. United States, 9 Cir., 172 F.2d 310, 311; Hubsch v. United States, 5 Cir., 256 F.2d 820, 823; Edge v. United States, 5 Cir., 270 F.2d 837, 838.

■ The Treasury check as issued was not a forged or counterfeited writing. It was a valid instrument. There was no forged or counterfeited endorsement of the name of the payee, Wise Iron & Wire Works, Inc. The payee's name was not written or endorsed on the instrument by anyone. The name of "John C. Wise" written on the back of the check was not a forged or counterfeited endorsement of the payee. It was legally insufficient to pass title to another person or to permit it to be cashed by the holder. In fact, the evidence wholly fails to show that there was any attempt or intent to endorse the check in the name of the payee, or that the name of "John C. Wise", written on the back of the check, was intended to be an endorsement of any kind or made for the purpose of creating a legal liability of any kind. It in no way changed the legal efficacy of the instrument or affected the rights of any party to the instrument.

Under the evidence considered most favorably to the Government, we consider the writing of the name "John C. Wise" on the back of the check as merely an immaterial addition to the written instrument of no legal significance and not constituting a forged or counterfeited writing within the meaning of the statute.

■■ Appellee contends that appellant failed to move for a judgment of acquittal at the close of the Government's evidence or at the close of all the evidence in the case, as authorized by Rule 29(a), Rules of Criminal Procedure, 18 U.S.C., and that the question of the sufficiency of the evidence to sustain the conviction was accordingly not saved for review by the Court of Appeals. Rosenbloom v. United States, 8 Cir., 259 F.2d 500, 502; Moomaw v. United States, 5

Cir., 220 F.2d 589, 592; Corbin v. United States, 10 Cir., 253 F.2d 646, 647. Although this is the general rule, it is subject to the well settled exception that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the Court. Rule 52(b), Rules of Criminal Procedure; Johns v. United States, 10 Cir., 227 F.2d 374, 375; United States v. Safur, 7 Cir., 251 F.2d 30; Ginsberg v. United States, 5 Cir., 257 F.2d 950, 955.

The judgment is reversed and the case remanded to the District Court for entry of judgment of acquittal.