**UNITED STATES of America,**
**Appellee,**
v.
**Dennis WILSON, Appellant.**
**No. 749, Docket 35605.**

United States Court of Appeals,
Second Circuit.

Argued March 16, 1971.

Decided April 9, 1971.

Paul I. Reid, Niagara Falls, N. Y. (Findlay, Hackett, Reid & Wattengel, Niagara Falls, N. Y.), for appellant.

Norman E. S. Greene, Asst. U. S. Atty. (H. Kenneth Schroeder, Jr., U. S. Atty., W.D.N.Y., of counsel), for appellee.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.

J. JOSEPH SMITH, Circuit Judge:

Defendant appeals from a judgment of conviction on all three counts of an indictment entered after a jury trial held in the Western District of New York, John T. Curtin, Judge. The first count charged unlawful possession of a United States Treasury check stolen from the mail (in violation of 18 U.S.C. § 1708),

* Chief Judge, United States District Court for the District of Connecticut, siting by designation.

the second an attempt to utter or pass a forged instrument and the third, forgery thereof (both in violation of 18 U.S.C. § 495). The court suspended the imposition of sentence on all counts and placed the defendant on probation for a period of four years, concurrently on each count.

Defendant was accused of presenting for payment at a bank a United States Treasury check payable to F. Battino in the amount of $155.55. Endorsed on the reverse side of the check was the name Raffaela Battino, the payee's wife. They were both regular recipients of government pension checks through the mail, which were regularly mailed in a single envelope, and two of which, one to each as payee, had been mailed but not received by them. Neither had authorized anyone to have possession of either of their checks. At trial, one of the primary issues was identification, since defendant denied being the individual who signed and attempted, unsuccessfully, to cash the check. The jury chose to believe the government's witnesses from the bank on the issue of identification.

■■ Defendant's primary argument is that there was, in fact, no "forgery" here, in the sense that the term is employed in the federal statute. In his charge to the jury, Judge Curtin defined forgery, correctly according to defendant, as "the writing of a payee's endorsement upon a genuine United States Treasury check by a person other than the payee if done wilfully and without authority and with intent to defraud. * * * " Defendant argues, however, that given this definition, he cannot be found guilty of forgery, since he did not write the name of the *payee* on the back of the check. Defendant relies on Carr v. United States, 278 F.2d 702 (6 Cir. 1960), in which a check made payable to Wise Iron & Wireworks, Inc. had the name of John C. Wise signed on the back. Reversing the conviction for forgery, the court stated that "There was no forged or counterfeited endorsement of the name of the payee. * * * The name of 'John C. Wise' written on the back of the check was not a forged or

counterfeited endorsement of the payee. It was legally insufficient to pass title to another person or to permit it to be cashed by the holder." 278 F.2d at 703. But in that case the endorsement did not purport to be that of a corporation, but of an individual, while the drawee was a corporation. The court in *Carr* pointed out that "the evidence wholly fails to show that there was any attempt or intent to endorse the check in the name of the payee"—a far cry from the instant case. The essence of forgery is in the lack of genuineness of execution, not in a false representation of authority, Gilbert v. United States, 370 U.S. 650, 658, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962). Here the defendant purported to present a genuine individual endorsement, and his confusion of the first name does not absolve him. See also, Rosario v. Guam, 391 F.2d 869 (9 Cir. 1968). There, the forger had signed the name "Mac Jones," whereas in reality the individual's name was "Mack Jones." This minor discrepancy did not render the evidence insufficient to convict of forgery. While the discrepancy here is greater, the jury was entitled to find that the endorsement was presented as the payee's endorsement and that it could have been so taken.

The unlawful possession count, of course, is in any case not open to the foregoing question.

■■ Defendant also attacks the admission in evidence of the opinion of a handwriting expert, since his conclusion that defendant did in fact write the name was claimed to be speculative and conjectural. The expert's testimony was properly admitted. An expert need not have absolute certitude about his opinion for it to be allowed into evidence. The expert in this case clearly stated that it was his belief that defendant had written the name on the back of the check, and his lack of absolute certitude goes to the weight, not the admissibility of the evidence of his opinion. See United States v. Spencer, 439 F.2d 1047, at 1049 (2d Cir. 1971).

Judgment affirmed.