**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bruce Wayne KIMBRELL, Defendant-Appellant.**

**No. 73-1535.**

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1973.

---

Roy Lewis, Jacksonville, Fla. (court-appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., John D. Roberts, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

Bruce Kimbrell appeals from his conviction before a jury and sentence [1] for violation of the third paragraph of Title 18, U.S.C. § 1708, the possession of a check stolen from the United States mail, knowing the same to have been stolen. We affirm.

The appellant did not take the stand or offer any other evidence at trial. His first assignment raises the sufficiency of the government's proof to sustain the guilty verdict, the point having been preserved for appellate review by motion for judgment of acquittal at the close of the government's evidence.

While there was no direct evidence that the check was stolen from the mails, the proof showed that it was contained in a letter bearing requisite postage deposited in the mails by the maker, Mrs. Audrey Averill, at Merritts Island, Florida, on February 14, 1972, that it was never received by the payee and the addressee of the letter, Howard Mangold, at Jacksonville, Florida, that it was negotiated in February 1972 at a Dixie-Vim gasoline service station in Jacksonville, Florida, by some unidentified person posing as the payee, and that the payee's purported endorsement was on the back of the check. This endorsement signature was disclaimed by the payee and was shown by expert handwriting testimony to have been written by the appellant Bruce Kimbrell. The service station attendant placed a Florida automobile license tag number, 2–48383, on the back of the check when he accepted it. The license number was taken down from the car of which the person who tendered the check was either the driver or the occupant. This tag number was shown to have been issued for a particular 1964 white Rambler. Through several witnesses the chain of possession of the Rambler was traced from its original owner to Kimbrell in February 1970, when he assumed the payments on the car. A government witness, Raleigh Fowler, testified that in "early 1970" he had occasion to help Wayne Kimbrell move the white Rambler from a place where it was stuck.

In United States v. Martinez, 5 Cir. 1972, 466 F.2d 679, 687, 688, we had occasion to state the elements of the offense involved here:

"To secure a conviction here, therefore, the prosecution had to show that the check actually had been stolen from the mails and that the defendant un-

---

1. To three years confinement under the indeterminate parole provisions of Title 18, U.S.C. § 4208(a)(2).

lawfully possessed it, knowing that it was stolen."

We there explicitly rejected the contention by Martinez that he had to know that the securities there involved were *stolen from the mails*. Id. at 687.

In this case Kimbrell attacks the sufficiency of the proof to show (1) actual theft from the mails, and (2) the appellant's possession, citing *Martinez*, supra; Allen v. United States, 5 Cir. 1968, 387 F.2d 641; Goodman v. United States, 5 Cir. 1965, 341 F.2d 272, and United States v. Hines, 2 Cir. 1958, 256 F.2d 561.

We think that the jury, taking the view of the evidence most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, was justified in concluding: (a) that the check was in fact stolen from the mails, (b) further that it was in Kimbrell's possession, as shown by the fraudulent endorsement in his handwriting, and (c) finally that the fact of his making the forged endorsement was sufficient proof of his knowledge of the stolen character of the check.

Kimbrell also urges that the trial judge erred in failing to instruct the jury as to what constitutes possession, as set forth in his requested charges. While the judge did not define possession in terms, and while we do not approve the unexplained refusal to give appellant's requested charges or his own definition of this element of the offense, we are persuaded that in the circumstances present and in view of the content of the court's very complete general charge, prejudicial error in this respect is not demonstrated. Cain v. United States, 5 Cir. 1960, 274 F.2d 598, cert. denied 1960, 362 U.S. 952, 80 S.Ct. 864, 4 L.Ed. 2d 869; Sowers v. United States, 5 Cir. 1958, 255 F.2d 239.

Affirmed.