Jerry L. JOHNSON,
Petitioner-Appellant,

v.

R. C. WRIGHT, Warden, et al.,
Respondents-Appellees.

No. 74–3017.

United States Court of Appeals,
Fifth Circuit.

March 13, 1975.

As Amended April 2, 1975.

Rehearing and Rehearing En Banc
Denied April 28, 1975.

Philip S. Davi, Atlanta, Ga. (court appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Lewis R. Slaton, Dist. Atty., Atlanta Jud. Circuit, Joel M. Feldman, Morris H. Rosenberg, Carter Goode, James H. Mobley, Jr., H. Allen Moye, Asst. Dist. Attys., Atlanta, Ga., for respondents-appellees.

Before DYER, MORGAN and GEE, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant was convicted in Superior Court of Fulton County, Georgia, of armed robbery and of carrying a concealed and unlicensed pistol. He appeals the district court's denial of his petition for habeas corpus on two grounds:

(1) his warrantless arrest was not based on probable cause and violated his rights under the Fourth Amendment;

(2) the trial judge's charge to the jury on the weapons count violated his right to due process. For reasons explained below, we hold that his second contention is correct, and we therefore reverse the judgment of the district court.

I.

The challenged arrest of appellant occurred in the following manner. In the early afternoon of January 7, 1972, Officer D. F. Lindstrom of the Atlanta Police Department received a call on his radio stating that there was a suspicious man at a grocery store in the neighborhood which Lindstrom was currently patrolling. Upon arriving at the store, Lindstrom interviewed several employees, who told him that they believed the man in question had participated in a robbery of the store two days earlier. They described him as a tall black male in his early twenties and wearing a floppy hat; they told Lindstrom that he had left the grocery in a red Ford Fairlane, with a jacked up rear end and with its license plate wired on. They indicated to him their belief that three other black males, one or two of whom were wearing hats, were also riding in the car; appellant was one of these passengers. Lindstrom passed this information along over the police radio, and began to patrol the neighborhood. Shortly, he and R. R. Wilbanks, another officer, both observed a car fitting the employees' description precisely and occupied by four black males. Wilbanks directed the driver of the Ford to pull over, and approached the car to ask for his driver's license. Upon observing a .22 caliber pistol on the front seat, Wilbanks ordered the men out of the car and immediately frisked them. By this time, two additional police vehicles had arrived at the scene, and Wilbanks placed each suspect in one of the cars. He next searched the car and found a sawed-off shotgun; the suspects were then taken to the police station, where they were held on the robbery and gun possession charges.

Our analysis of this series of events begins with the proposition that although "searches conducted without the prior issuance of a warrant are, for the most part, per se unreasonable, Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), there are a few clearly delineated exceptions to the warrant requirement of the Fourth Amendment." United States v. Anderson, 500 F.2d 1311, 1315 (5th Cir. 1974). In addition, we do not deal here with an indivisible process but with five conceptually distinct stages of the search and arrest, each one of which must satisfy constitutional standards.

First, there can be no question that the officers were justified in stopping the car. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), United States v. Rollerson, 491 F.2d 1209 (5th Cir. 1974). The car precisely fitted the description given by a store employee who alleged that its driver had been involved in a robbery two days previously.

Second, the officers clearly acted properly in arresting the driver when they ascertained that he fit the description

given by the store employee. Indeed, appellant does not challenge this contention, and we repeat it only for purposes of logical coherence.

■ Third, having reason to believe at least one of the car's occupants might have committed armed robbery, and seeing a pistol on the front seat of the vehicle, the officer acted reasonably in ordering the occupants out to be frisked for other weapons. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), United States v. Rosenberg, 458 F.2d 1183 (5th Cir. 1972).

■■ Fourth, having arrested the driver, the police acted properly in searching the car itself for evidence pertaining to the crime. This warrantless search was proper because the officers had probable cause to believe they would find evidence pertaining to the crime, Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968), and because they were dealing with a temporarily stopped automobile, a search of which is justified on the basis of exigent circumstances, see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Naturally, they could not safely and effectively search the vehicle unless it was empty of all passengers, and they therefore acted reasonably in detaining the passengers outside the car. Nor did they act improperly in segregating the passengers in separate cars for the duration of the search; the police had good reason to suspect that these men might be dangerous and might have been involved in a criminal offense. In segregating them, the police reduced any chance that the passengers would confer with each other as to alibis, or that they might endanger the officers.

■ Finally, when Wilbanks discovered a sawed-off shotgun in the car, he acted properly in arresting all the occupants, since possession of such a weapon constitutes both a federal and a state offense.

Probable cause existed to arrest appellant, and his Fourth Amendment rights were not violated.

## II.

At appellant's trial, the judge charged the jury in part:

Now, this defendant has been charged . . . with the possession of a pistol without a license, and with the carrying of a pistol outside of his home, not in an open manner. I instruct you that the State has proven a prima facie case of the possession of a pistol in this case by someone who is alleged by the Grand Jurors here to have been the defendant, which the defendant denies. And when a prima facie case is made, I charge you that *it is then upon the defendant,* if you believe the defendant to be the person alleged to have committed this crime, *to show that he did possess a license to carry the weapon alleged to have been carried by the State. The defendant in doing so must prove that a license existed to carry the weapon in order to overcome the prima facie showing of the violation of this law by the State.* (Emphasis supplied.)

■ On appeal, the Georgia Supreme Court found this to be a proper charge on violations of Ga.Code Ann. § 26–2903[1] and to contain no constitutional errors. Johnson v. State, 230 Ga. 196, 196 S.E.2d 385 (1973). We hold that the trial court's instruction violated appellant's right to due process in permitting the jury to infer that his pistol was unlicensed from evidence that he possessed one, and also in shifting to him the burden of proof on an essential element of the offense.

In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) established that the due process clause of the Fourteenth Amendment requires "proof beyond a reasonable doubt of ev-

---

1. The statute provides:

   A person commits a misdemeanor when he has or carries on or about his person outside of his home, automobile or place of business any pistol or revolver, whether concealed or not, for which he has not obtained a license from the ordinary of the county in which he resides.

ery fact necessary to constitute the crime . . . ." However, the Supreme Court has never decided whether this principle applies to the area of evidentiary presumptions and inferences. For example, in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Court struck down a statutory presumption that possession of marijuana, unless satisfactorily explained, was sufficient to prove that the defendant knew that the marijuana had been illegally imported. Concluding that any given marijuana might have been grown domestically, and that a user was unlikely to be aware of its origin, the Court stated that an inference is,

> "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. 395 U.S. at 36, 89 S.Ct. at 1548.

The Court added in a footnote that since the challenged inference did not satisfy the "more likely than not" standard, it "need not reach the question whether a criminal presumption which passes muster when so judged must also satisfy the criminal 'reasonable doubt' standard if proof of the crime charged or an essential element thereof depends upon its use." *Id.* n. 64. Likewise, in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), the Court left the issue unresolved in dealing with the constitutionality of a jury instruction that it might infer from possession of heroin and cocaine that the defendant knew the drugs to have been illegally imported. The Court simply held the heroin inference valid and the cocaine inference invalid, whether judged by the more likely than not standard or the beyond a reasonable doubt standard (*i. e.* the evidence necessary to invoke the inference is sufficient to permit a rational juror to find the inference beyond a reasonable doubt.) Finally, in Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 2361, 37 L.Ed.2d 380 (1973), the Court ruled that, "if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard . . . as well as the more-likely-than-not standard, then it clearly accords with due process."

The inference here involved, that from proof of the defendant's possession of a pistol the jury may conclude that the pistol is unregistered, is clearly violative of due process by either standard. A more arbitrary and unreasonable conclusion can scarcely be imagined, since it is not even more likely than not that a given pistol will be unregistered.

■ Additionally, the charge is unconstitutional because it shifts the burden of proof of an essential element of the crime to the defendant. Of course, the state always bears the burden of proof in a criminal trial, and any such shift renders the trial fundamentally unfair. Smith v. Smith, 454 F.2d 572 (5th Cir. 1971).

This does not mean, of course, that permissible inferences which satisfy the more likely than not and the reasonable doubt standards violate due process. For example, in Dyer Act [2] cases, the jury may infer from unexplained possession of a recently stolen auto that the defendant knew it to be stolen. There are two crucial distinctions between such an inference and the one involved here.

First, at issue under the Dyer Act is knowing possession of stolen property; "[k]nowledge and intent, because of their nature, must largely be proved by circumstantial evidence." Jackson v. United States, 330 F.2d 679, 681 (8th Cir. 1964). Therefore, once the government has proved that the defendant possessed the prohibited object, the jury may infer that he possessed it knowingly. Under the Georgia scheme, however, the state is not even required to prove possession of the prohibited object, an unlicensed pistol. Rather, the state is merely required to prove that the defendant possessed any pistol. The inference relates

2. 18 U.S.C. § 2312.

not to the defendant's knowledge, but to the nature of the object possessed.

Second, the inference employed in Dyer Act cases is permissible; the jury may make the inference, but it is not required to do so. The burden of proof does not shift to the defendant; he may be acquitted without offering any evidence at all if the jury feels the government has not proved his guilt beyond a reasonable doubt. As we have noted, the Georgia inference goes further and impermissibly shifts the burden of proof to the defendant.

█ It is no longer a bar to federal habeas relief that granting the writ will not result in petitioner's immediate release. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); Glazier v. Hackel, 440 F.2d 592 (9th Cir. 1971); Velasquez v. Rhay, 408 F.2d 9 (9th Cir. 1969); United States ex rel. Rybarik v. Maroney, 406 F.2d 1055 (3rd Cir. 1969); Rhodus v. Patterson, 404 F.2d 890 (10th Cir. 1968).

The judgment of the district court is therefore affirmed in part and reversed in part. The cause is remanded with instructions to issue the writ as to appellant's gun possession conviction.