**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Thomas Benjamin SHIPP and Robert Lee Parker, Defendants-Appellees.**

No. 77–2663
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1978.

John H. Hannah, Jr., M. Lawrence Wells, Asst. U. S. Attys., Tyler, Tex., for plaintiff-appellant.

Charles W. Tessmer, Dallas, Tex., for defendants-appellees.

Before COLEMAN, GODBOLD, and TJOFLAT, Circuit Judges.

PER CURIAM:

This is an investigatory stop case. A state officer on a routine patrol stopped a pickup truck on a state highway between Palestine and Tucker, Texas. The officer later found that automobile tires in the

---

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir., 1970, 431 F.2d 409, Part I.

truckbed had been stolen from an interstate shipment, and the defendants were subsequently charged with theft of the tires. The government appeals from the district court's order granting a motion to suppress evidence obtained from the stop. Because we agree that the circumstances did not justify an investigatory stop, we affirm the district court's decision.

 An investigatory stop is justified only if the circumstances are sufficient to enable a police officer reasonably to suspect that the particular individual is engaged in criminal activity. *U. S. v. Rias*, 524 F.2d 118 (5th Cir. 1975). The government argues that several facts in this case made suspicion of criminal activity reasonable. The truck was traveling in the early morning hours (about 4 A.M.) and at a slow speed. The cargo could be seen to consist of ten to twelve new tires plus some cardboard boxes. The highway on which the truck traveled passed near an oil supply business; the officer testified, "We had been having a lot of oil field equipment and stuff stolen in Anderson County," although he was not aware of any particular theft in the immediate vicinity and the particular oil supply business did not deal in tires. These facts are not inconsistent with the day-to-day activities of persons engaged in lawful business; they do not indicate criminal activity. *See U. S. v. Robinson*, 535 F.2d 881, 883 (5th Cir. 1976). For cases presenting facts that we have held made suspicion of criminal activity reasonable, see *U. S. v. McDaniel*, 550 F.2d 214, 216–17 (5th Cir. 1977); *Johnson v. Wright*, 509 F.2d 828 (5th Cir. 1975), *cert. denied*, 423 U.S. 1014, 96 S.Ct. 445, 46 L.Ed.2d 384 (1975); *U. S. v. McCann*, 465 F.2d 147 (5th Cir. 1972), *cert. denied*, 412 U.S. 927, 93 S.Ct. 2747, 37 L.Ed.2d 154 (1973).

The order of the district court is

AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.