**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sylvester SINGLETON,
Defendant-Appellant.**

No. 78–5583.

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1979.

---

Walter L. Boyaki, El Paso, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and KRAVITCH, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Sylvester Singleton appeals his conviction, after trial by jury, for offenses arising out of the theft from the mail and negotiation of a U. S. Government check. He was convicted on all counts of a three-count indictment which charged him with possessing the government check stolen from the mail, in violation of 18 U.S.C. § 1708, Count 1; with falsely forging the endorsement of payee and uttering and publishing the same check as true, in violation of 18 U.S.C. § 495, Counts 2 and 3. He was sentenced to concurrent three-year terms of imprisonment on each count, plus a fine of $2,000 on Count 1, $1,000 on Count 2, and $1,000 on Count 3, a total of $4,000.

Appellant Singleton, an Army serviceman on active duty, worked as an alternate mail clerk for the First and Seventh Battalions at Fort Bliss (El Paso), Texas during six

months of 1977. The government check involved in this case of $461.45 was made payable to Gary D. Simmons, a fellow member of the Army assigned to the First Battalion at Fort Bliss who was discharged in June 1977. At the time of his discharge Simmons requested appellant, who had assisted him in preparing the tax return entitling him to the refund, to see that his mail was forwarded to him. As one of the mail clerks at the Army installation Singleton would collect the mail addressed to members of the First and Seventh Battalions from the main Post Office on the base and sort and deliver it to the mail orderlies for the different batteries of the Battalions. Thus he had access to the incoming mail of the Battalions during this time, including government refund checks.

When Simmons failed to receive his check a trace was made and it was found that the endorsement on the check was in handwriting other than Simmons' and had been negotiated at the Fort Bliss Exchange. Appellant Singleton was interviewed and provided handwriting exemplars which were used at trial. While the matter was being investigated, Singleton called a co-worker, Hill, who later testified that Singleton had stated his intention to admit taking one check so that the Government would not accuse him of having stolen other checks.

■ At trial a government handwriting expert testified that the handwriting on the forged endorsement of the Simmons refund check was identical to that of the exemplars provided by appellant Singleton and that Singleton was the person who endorsed Simmons' name on the check. Other checks allegedly forged by appellant were also admitted into evidence in connection with the testimony of the government expert witness that Singleton had also forged the endorsements on these checks of other members of the First and Seventh Battalions. On appeal Singleton contends that

the trial court erred in admitting the handwriting exemplars and testimony concerning them, that admission of this evidence violated article 31(b) of the Uniform Code of Military Justice (10 U.S.C. § 831(b)).[1] There is no merit to this contention since article 31(b) by its terms is limited to evidence used in a trial by court-martial. Appellant concedes that the handwriting exemplars are not protected by the Constitution (Fourth or Fifth Amendments). *See United States v. Mara,* 410 U.S. 19, 21, 93 S.Ct. 774, 775–76, 35 L.Ed.2d 99 (1973). Accordingly, we reject appellant's first assignment of error.

■ Appellant next contends that the trial court erred in failing to enter judgment of acquittal as to the uttering and publishing count and the possession count of the indictment (Counts 2 and 3). This contention relates to the sufficiency of the evidence to support the convictions on these counts. Though appellant Singleton received concurrent three-year sentences of imprisonment on each of the three counts involved, he was also fined separately on each count, as previously indicated. Thus the concurrent sentence doctrine is inapplicable here. *See also United States v. Rubin,* 5 Cir., 1979, 591 F.2d 278. It does not appear to be disputed that the forged endorsement on the Simmons check was made by Singleton. Thus the jury could rightfully infer that the Simmons check was in Singleton's physical possession, as shown by the fraudulent endorsement thereon in Singleton's handwriting. *See United States v. Kimbrell,* 5 Cir., 1973, 487 F.2d 219, 221.

■ As to the substantive offense of uttering the forged government check, the Government concedes in its brief that the evidence "was less conclusive." There was no direct evidence that Singleton presented either the Simmons check for negotiation, or any of the other government checks

---

1. 10 U.S.C. § 831, article 31(b) reads as follows:
   (b) No person subject to this chapter may interrogate, or request any statement from, an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statements made by him may be used as evidence against him in a trial by court-martial.

whose endorsement he forged, nor is the evidence produced by the Government any stronger as to his being an aider and abetter in the offense of uttering and publishing. *See United States v. Eddy*, 5 Cir., 1979, 597 F.2d 430. Thus we are unconvinced that the evidence proved defendant's guilt beyond a reasonable doubt or that it sustains the conviction on Count 3 of the indictment relating to uttering and publishing of the stolen check. Judgment of acquittal should have been granted on this count. The conviction on Count 3 must therefore be reversed.

Finally, appellant Singleton contends that the trial court erred in admitting into evidence "without proper evidentiary foundation" the other government checks whose endorsement was forged by Singleton. Appellant contends that none of these checks admitted into evidence over objection had any verification or authentication certificate. However, the government expert witness, a document expert from the U. S. Secret Service, identified the documents in question as U. S. Treasury checks. It is clear from the record that the witness was sufficiently acquainted with the type of documents about which he was testifying to identify them as government checks. The checks were offered by the Government to prove that they had been forged by appellant in the same manner as he had forged the Simmons check on which he was being tried. No error was committed by admission of the testimony relating to these checks or the receipt in evidence of the checks themselves.

The convictions of appellant Singleton on Counts 1 and 2 are therefore affirmed; the conviction on Count 3 is reversed.

AFFIRMED IN PART AND REVERSED IN PART.