UNITED STATES of America,
Plaintiff-Appellee,

v.

Julius Coswell JONES,
Defendant-Appellant.

No. 80–5020.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 15, 1981.

---

Ralph J. Humphries, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

Russell W. LaPeer, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL, FAY and HENDERSON, Circuit Judges.

PER CURIAM:

Julius Coswell Jones appeals a two count jury conviction for forging the endorsement of the payee on a United States Government check and for uttering and publishing the same check as true. 18 U.S.C. § 495 (West 1976). He challenges the conviction on three grounds. First, he asserts that the evidence was insufficient to establish the requisite intent to defraud on the forgery count. Second, he contends that the evidence was insufficient as to all elements of the uttering count. Third, he argues that the prosecutor's closing argument contained an impermissible reference to the appellant's failure to testify. For the reasons set out below, we affirm.

### I. *The Evidence*

Considered in the light most favorable to the government, the evidence established the following. The appellant, Julius Jones, rented an apartment from one Joshua Hillman in Jacksonville, Florida. In December of 1978 Jones owed Hillman rent. At that time Jones showed Hillman a green check for approximately $1,000. He explained that the check was from his boss and that the rent would be paid. Record, Vol. II, at 7.

Four or five days later, Hillman found a green check stuck in the door of Jones' apartment. The check was a government treasury check for approximately $1,000 made payable to a Dr. John Camblin. It was endorsed on the back with the payee's signature.

Later that day Jones asked Hillman if he had seen the check. Hillman replied affirmatively. Jones explained that the check was from his uncle. He also explained that the check was made payable to a Gainesville, Florida address because his uncle lived there.

Hillman, however, knew that Jones' uncle lived in Jacksonville, Florida. After hearing Jones' explanation of the check, Hillman went over to the uncle's residence where he found that no one there knew anything about the check in question. At this point Jones began to ask that Hillman return the check to him. Hillman refused. The next day Hillman reached Dr. Camblin. Dr. Camblin informed him that he was, indeed, missing a check. Hillman then made arrangements to return the check to Dr. Camblin.

At trial, Hillman identified Government's Exhibit 1 as the check in question. On cross-examination Hillman also noted that he had offered to take the check with Jones to have it cashed but that Jones refused.

Jones left index fingerprint was identified on the check by Robert E. McCoy from the Crime Lab of the Jacksonville Sheriff's Department. Furthermore, James Outland, an Examiner of Questioned Documents for the United States Secret Service, concluded that Dr. Camblin's signature was in Jones' handwriting.

## II. *The Forgery*

Count 1 charged Jones with forging the endorsement of Dr. Camblin in order to obtain a sum of money from the United States. 18 U.S.C. § 495 (West 1976). Forgery has been defined as "the false making or materially altering, with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability." *Hubsch v. United States*, 256 F.2d 820, 823 (5th Cir. 1958); *Carr v. United States*, 278 F.2d 702, 703 (6th Cir. 1960).

Appellant concedes all the elements of forgery are present except the intent to defraud. Appellant contends that the government has "no evidence establishing intent to defraud . . . as to the forgery count." Appellant's Brief at 7.

We have noted in other contexts that no one has a window to a man's mind; hence, intent must often be proved by indirect evidence. *United States v. Richards*, 638 F.2d 765, 768 (5th Cir. 1981). *Johnson*

*v. Wright*, 509 F.2d 828, 831 (5th Cir.), *cert. denied*, 423 U.S. 1014, 96 S.Ct. 445, 46 L.Ed.2d 384 (1975). The essence of forgery "is in the lack of genuineness of execution." *United States v. Wilson*, 441 F.2d 655, 656 (2d Cir. 1971); *See Carr v. United States*, 278 F.2d 702, 703 (6th Cir. 1960). Here, a handwriting analysis conclusively demonstrated that Jones endorsed the check in Dr. Camblin's name. Jones had no authority to do so. Furthermore, Jones falsely represented that the check belonged to his uncle. From these facts a jury could conclude beyond a reasonable doubt that Jones had an intent to defraud when he signed Dr. Camblin's name. *See United States v. Singleton*, 600 F.2d 553, 555 (5th Cir. 1979).

## III. *The Uttering*

Count 2 charged Jones with uttering Dr. Camblin's check as true and genuine with the specific intent to defraud the United States. 18 U.S.C. § 495. The crime of uttering requires proof of an attempt to circulate a false writing by fraudulent representation that it is genuine and proof of the defendant's intent to defraud. *See United States v. Smith*, 631 F.2d 391, 396 (5th Cir. 1980); *United States v. Eddy*, 597 F.2d 430, 432–433 (5th Cir. 1979).

Although the appellant disputes the government's proof as to all of the above elements, he stresses that the government failed to prove that he actually attempted to circulate the check in question. Specifically, the appellant argues that "the evidence shows only that the appellant signed the check, had it in his possession and lied as to its authenticity." Appellant's Brief at 11. Appellant asserts that the government must produce evidence to show that the check was cashed, or at least, that there was an attempt to cash the check. *Id.* at 9.

We reject the notion that circulation of a check can only be accomplished by an attempt to cash it. "The offering of the instrument with intent to defraud is in itself sufficient to constitute a passing or uttering." *United States v. Sullivan*, 406 F.2d 180, 187 (2d Cir. 1969). Here, appellant owed rent to his landlord; showed the

check to his landlord; explained that the check was from his boss so that the landlord would not have to worry about the rent; left the check in his apartment door for the landlord; subsequently explained the check was from his uncle; refused to cash the check with the landlord; and asked for the check back when confronted with his false representations. From these facts a jury could conclude beyond a reasonable doubt that Jones was aggressively trying to "pass" the check in question in order to pay his rent. Holding otherwise would allow an utterer to escape conviction simply by duping an innocent third party into cashing the check. Jones certainly knew that if he successfully passed the check to Hillman it would be cashed. The above facts also unquestionably support the presence of the other elements of uttering.

## IV. *The Prosecutor's Closing Argument*

Appellant contends that during the closing argument the prosecutor made remarks which "could be construed as improper comments on the defendant's failure to testify." Appellant's Brief at 12.

■ The test for determining whether a prosecutor's remarks constitute comments about a defendant's silence is a twofold alternative one: (1) whether the prosecutor's manifest intent was to comment on the defendant's silence, or (2) whether the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence. *United States v. Palacios*, 612 F.2d 972, 973 (5th Cir. 1980); *United States v. Diecidue*, 603 F.2d 535, 552 (5th Cir. 1979), *cert. denied, sub. nom. United States v. Miller*, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980). Both the intent of the prosecutor and the character of the remarks are to be determined by reviewing the context in which they occurred. *United States v. Forrest*, 620 F.2d 446, 445–56 (5th Cir. 1980).

In closing rebuttal the prosecutor began by explaining the difference between the standard of reasonable doubt and other possible speculative doubts. Record, Vol. II, at 76–77. The testimonial evidence of the prosecution was quickly and briefly reviewed in the light of defendant's counsel's argument to the jury to doubt that evidence. *Id.* at 77–80. After surveying the testimonial evidence of the prosecution's case, the following remarks were made:

> "Then, finally, after all these people who testified, who have given you testimony and evidence about all of this physical evidence that you can put together and consider for yourself, what does Mr. Humphries [defendant's counsel] offer you to disbelieve all that? He offers you Reverend Jones. Reverend Jones, who is he? He is Mr. Jones father." *Id.* at 80.

At this point defendant's counsel raised the objection that he now presents on appeal, that the statement was "an improper comment on the defendant's failure to take the stand, failure to testify in his own behalf." *Id.* The trial court disagreed; and the closing argument was concluded by repeating the distinction between doubt and reasonable doubt. *Id.* at 81.

■ Reviewed in this context it is clear that the prosecutor's remarks simply consisted of a comment on the limited weight and credibility of the appellant's evidence. The burden of proof is on the defendant to show that the jury necessarily construed the sentences as a comment upon his failure to testify. *United States v. Austin*, 585 F.2d 1271, 1280 (5th Cir. 1978). He has failed to do so.

The government proved its case. Accordingly, the defendant's conviction is

AFFIRMED.