United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41068
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TOMMY LYNN JOHNSON; REISA LYNN PETTIETTE,

                              Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CR-83-1
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Tommy Lynn Johnson ("Johnson") and Reisa Lynn Pettiette

("Pettiette") appeal their jury-trial convictions and sentences

for conspiracy to manufacture, possess with intent to manufacture

and distribute, and distribute methamphetamine and related

charges.  Johnson and Pettiette argue that the district court

erred by denying their motions to suppress evidence obtained

during a search of their residence and that the evidence at trial

was insufficient to support their convictions for one count of

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a firearm in furtherance of a drug trafficking offense and the jury's verdict that the conspiracy involved more than 50 grams of methamphetamine. Pettiette further asserts that the district court erred by denying her motion to suppress evidence obtained during a traffic stop on September 18, 2001, and that the evidence that she possessed the shotgun was insufficient to support her convictions for possession of an unregistered firearm and possession of a firearm in furtherance of a drug trafficking offense. For the first time on appeal, Johnson contends that the district court erred by attributing certain amounts of pseudoephedrine to him in making its drug quantity determination at sentencing.

Pettiette's argument that the district court erred by denying her motion to suppress evidence seized during the traffic stop on September 18, 2001, is without merit. The district court correctly concluded that the search of the truck was legal because Johnson consented to the search. See United States v. Crain, 33 F.3d 480, 484 (5th Cir. 1994). Furthermore, the discovery of anhydrous ammonia in an unapproved container in the truck provided probable cause for her arrest as TEX. HEALTH & SAFETY CODE ANN. § 481.124 does not require that a field test of suspected anhydrous ammonia be conducted before a suspect is arrested and the presence of the anhydrous ammonia in the truck provided probable cause to arrest all of the occupants of the truck. See Johnson v. Wright, 509 F.2d 828, 830 (5th Cir. 1975).

The affidavit used to procure the search warrant to search Johnson's and Pettiette's residence was not a "bare bones" affidavit because it contained factual allegations beyond mere conclusions that Johnson and Pettiette were involved in illegal activity.  See United States v. Brown, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991).  The affidavit provided probable cause for the issuance of the search warrant even with the challenged portion referring to Johnson's and Pettiette's prior offenses removed. See United States v. Fooladi, 703 F.2d 180, 184 (5th Cir. 1983). Accordingly, the district court did not err by denying Johnson's and Pettiette's motion to suppress the evidence obtained during the search of their residence.

The evidence at trial showed that a short-barreled shotgun was found in a bedroom in the residence near gas masks and starting fuel.  The residence was small and contained many other materials used in the manufacture of methamphetamine.  A law enforcement officer testified that Pettiette told him that the gun was used for the protection of inventory.  Although the circumstances surrounding the testimony about Pettiette's statement was questionable, we must consider the statement when reviewing the sufficiency of the evidence because the testimony about the statement was not factually impossible.  See United States v. Lopez, 74 F.3d 575, 578 (5th Cir. 1996).  Pettiette's statement, along with the other evidence presented at trial, was sufficient to show that the shotgun was possessed in furtherance

of a drug trafficking offense.  See United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000).

As Pettiette lived at the residence where the shotgun was found and told a law enforcement officer that it was used to protect inventory, the evidence gave rise to a plausible inference that she had knowledge of, and access to, the shotgun. See United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993). Accordingly, the evidence was sufficient to show that Pettiette constructively possessed the shotgun and to support her convictions for possession of an unregistered firearm and possession of a firearm in furtherance of a drug trafficking offense.  See id.

The evidence at trial showed that Johnson and Pettiette could have realistically manufactured 48.4 grams of methamphetamine from the pseudoephedrine seized from them.  The evidence also showed that receipts for the purchase of over 400 boxes of nasal decongestant were seized from Johnson and Pettiette during the traffic stop on September 18, 2001, and that Johnson and Pettiette could have reasonably manufactured 145 grams of methamphetamine from this nasal decongestant.  Given that the receipts evidenced the purchase of a massive quantity of nasal decongestant and that other materials used in the manufacture of methamphetamine were seized during the traffic stop, the jury could reasonably infer that the receipts evidenced purchases of pseudoephedrine that was used to manufacture

methamphetamine. See United States v. Anderson, 987 F.2d 251, 255-56 (5th Cir. 1993). Accordingly, the evidence was sufficient to support the jury's verdict that the conspiracy involved more than 50 grams of methamphetamine. See United States v. Gourley, 168 F.3d 165, 168-69 (5th Cir. 1999).

Because Johnson did not challenge the district court's drug quantity determination below, we review this issue for plain error only. See United States v. Ocana, 204 F.3d 585, 588-89 (5th Cir. 2000). As sufficient evidence supported Johnson's conviction for the quantities of methamphetamine that could have been produced from the nasal decongestant evidenced in the receipts, the district court did not err by including these amounts in its drug quantity determination. See United States v. Alarcon, 261 F.3d 416, 423 n.3 (5th Cir. 2001). The district court's determination of this issue in regards to Pettiette's sentence does not affect the propriety of its determination of the issue in regards to Johnson's sentence. See United States v. Montes, 976 F.2d 235, 239 (5th Cir. 1992). Therefore, the district court did not commit error, plain or otherwise, in making its drug quantity determination regarding Johnson.

Johnson's and Pettiette's convictions and sentences are AFFIRMED.