JAMES LAWRENCE KING, District Judge.
This appeal confronts us with a troubling question, pertinent to the functions of every trial court in this circuit: whether an ordinary surety bond may be extended by the trial court, without express consent of surety, to guarantee the presence of defendant for execution of sentence after the defendant’s appeal has been denied and a mandate has been returned. Despite Second Circuit authority to the contrary, we believe that the district court overstepped its authority in extending the surety’s obligation to the appellate process without first obtaining express consent for such an extension. We reverse.
I. FACTUAL BACKGROUND:
On April 28, 1966, defendant Stephen J. Dinneen was indicted for securities fraud. Bail was set at $10,000 and an arrest warrant was issued. On May 6, defendant was arrested. Dinneen posted an appearance bond, written by Resolute Insurance Company, the appellant herein.
The original indictment was displaced by a superseding indictment to which the trial court made the original bond applicable. At his arraignment, February 2, 1968, defendant Dinneen pleaded not guilty and he was released on the same bond that had been set with reference to the superseding indictment.
Later in 1968, Dinneen was found guilty. He was released on the same, surety bond pending resolution of post-trial motions. After denying these post-trial motions, the court sentenced defendant to five years on each count of the indictment. At this time, defendant orally moved for the enlargement of the existing bond until the filing of his notice of appeal. The court granted this request, despite the absence of appellant surety from this proceeding. In fact, the minute entry and judgment/commitment order signed by the trial judge do not reflect that Resolute Insurance Company, or an authorized representative, was present in court or was ever notified as to the trial court’s actions with respect to the bond.
In October of 1970, defendant’s appeal was denied and a mandate was returned. His failure to surrender himself for the execution of sentence initiated a series of procedures Which culminated in an order requiring the forfeiture of bond.
The bond which was established at the time of indictment and which was extended through the period of appeal is recited in full in the appendix to this opinion.
II. LEGAL DISCUSSION:
In 1976, this circuit faced a similar question as to the limits of a surety’s liability under a bond comparable to that before this court in the case sub judice. See, United States v. Miller, 539 F.2d 445 (5th Cir. 1976). Miller is at the crux of the issue of the extension of liability under a bond contract.
In Miller, the trial court sentenced defendant after trial to three months in prison. At the request of the defendant, the trial court permitted a brief stay of sentence prior to the date of execution, specifically continuing in effect the bond set pretrial. Significantly, the surety was not *921 present at this proceeding. Defendant failed to report for sentence and the bond was forfeited by judicial order.
This circuit affirmed the trial court’s decision. However, the decision is most significant for the express limits placed upon a surety’s potential liability under the bond agreement.
“As a general rule the terms of a bail contract are to be construed strictly in favor of the surety, who may not be held liable for any greater undertaking than he has agreed to.” Id., at 447. At the same time, the Miller court noted, and we agree, that in interpreting the bond contract, the reasonable intentions of the parties must be given effect. Id.
In applying these principles of construction to the present case, we note, as did this circuit in Miller, that the surety bond expressly binds Resolute Insurance Company to insure that the defendant “will abide any judgment entered in such matter by surrendering himself to serve any sentence imposed. . . .” App. 130. At the same time, we cannot overlook the fact that the very premise of the bond, stated in its opening sentences, is that
[t]he conditions of this bond are that the defendant, Stephen J. Dinneen, is to appear in the United States District Court for the Southern District of Florida at Miami, Florida, and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant’s appearance in the above entitled matter.
Id. (emphasis added).
The above entitled matter, to which the entire bond alludes, is United States of America v. Stephen J. Dinneen, United States District Court for the Southern District of Florida. This is a bond intended as a guarantee of the defendant’s appearance in relation to the proceedings of the trial court for the Southern District of Florida— not in relation to the proceedings of the Fifth Circuit Court of Appeals.
Indeed, it is this very proposition to which this circuit subscribed, albeit sub silentio, in Miller. The decision of that court to extend the surety’s liability to that period of time embodied in a brief stay of sentence post-trial — a stay ordered to permit defendant to organize his affairs — can only be read as a clear indication that the typical surety bond terminates once sentencing has been completed post trial, allowing for brief stays attendant thereto. As the Miller court noted, “an appearance bond may be extended to cover reasonably brief postponements of the execution of sentence.” Miller, 539 F.2d at 449 (emphasis added).
Yet, despite the clear mandate of Miller, the Second Circuit, in United States v. Cati-no, 562 F.2d 1 (2nd Cir. 1977) utilized it as a springboard for open-ended surety liability.
Catino involved the archetypical factual situation. However, there was one significant addition. In Catino, defendant, like defendant in the case sub judice, did not report to commence his sentence after his appeal had been denied and the mandate returned. Despite the fact that the failure to report occurred after his appeal had been determined — unlike the reasonably brief stay of execution of sentence permitted the defendant in Miller for the purpose of organizing his affairs — the Second Circuit held the surety liable. While it would ordinarily be sufficient for this court simply to indicate that it was following a different path from that charted by the Second Circuit in Catino, we cannot do-so here because Miller was utilized by the Catino court as the primary justification for its decision.
Thus, we are bound to discuss Catino and indicate why the Second Circuit was incorrect in its reliance on Miller and in its ultimate disposition.
Simply stated, the Catino court interpreted selective portions of Miller out of context. Judge Pollack, in the trial court’s decision in this matter, was not literally incorrect in citing Miller for the proposition that there is “no per se federal rule that the pronouncement of a sentence exonerates a surety.” United States v. Catino, 427 *922 F.Supp. 1009 (S.D.N.Y.1977). But the Second Circuit was incorrect when it stated that it was following Miller by holding that the “relevant issue is whether [the surety] agreed to be liable during appeal ‘by the language of their undertaking.’ ” 562 F.2d at 4. The Miller court never indicated that the typical bond contract which guaranteed surrender for sentence could be extended, by some reading of the language, to cover the period of appeal. Miller was emphatic in confining its extension of liability to brief periods reasonably necessary and subsequent to the trial itself. It was crucial to the court in Miller that the granting of a short stay to organize one’s affairs was not the type of extension for which a surety could reasonably expect a defendant to secure additional bonding. 539 F.2d at 449.
III. CONCLUSION:
In sum, we decline to extend Miller to cover the period of time in which a defendant is at liberty on bond pending the resolution of his appeal. Although trial courts may attempt to obtain the express agreement of surety to such an extension of liability, the terms of the ordinary bond contract, as is involved herein, may be extended only to encompass brief, reasonable stays of execution of sentence without first securing the type of express agreement alluded to throughout this opinion.
Because the extension of Resolute’s liability in the case sub judice far exceeded the category of “brief, reasonable stays,” we have no choice but to reverse the holding of the trial court in this matter.
REVERSE.
APPENDIX
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
United States of America )
) APPEARANCE BOND
v. ) _ FOR
) No.
STEPHEN J. DINNEEN ) STEPHEN J. DINNEEN
)
We, the undersigned, jointly and severally acknowledge that we and our personal representatives are bound to pay to the United States of America the sum of Ten Thousand---------dollars ($10,000.00).
The conditions of this bond are that the defendant, STEPHEN J. DINNEEN is to appear in the United States District Court for the Southern District of Florida at Miami, Florida, and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant’s appearance in the above entitled matter as may be given or issued by the commissioner or by the United States District Court for the Southern District of Florida or any other United States District Court to which the defendant may be removed or the cause transferred; that the defendant is not to depart the Southern District of Florida, or the jurisdiction of any other United States District Court to which the defendant may be removed or the cause transferred after he has appeared in such other district pursuant to the terms of this bond, except in accordance with such orders or warrants as may be issued by the Commission or the United States District Court for the Southern District of Florida or the United States District Court for such other district; that the defendant is to abide any judgment entered in such matter by surrendering himself to serve any sentence imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescribe.
*923 If the defendant appears as ordered and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and by other laws of the United States.
It is agreed and understood that this is a continuing bond which shall continue in full force and effect until such time as the undersigned are duly exonerated.
This bond is signed on this 6th day of May 1966 at Miami, Florida.