**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Corrine Nancy RIVAMONTE,
Defendant-Appellant.**

**No. 81-5201
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 22, 1982.

H. Jay Stevens, Asst. Federal Public Defender, Orlando, Fla., for defendant-appellant.

Joseph T. Urbaniak, Jr., Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

The appellant, Corrine Nancy Rivamonte, was convicted by a jury of forgery of the endorsements on a United States Treasury check and uttering the forged check, both violations of 18 U.S.C. § 495. Rivamonte has appealed from these convictions, claiming that the district court should have granted her motion for judgment of acquittal because the evidence was insufficient to support the convictions. Having carefully reviewed the evidence contained in the record, we disagree with appellant's contention and thus affirm her convictions.

When reviewing the sufficiency of the evidence supporting a criminal conviction, the standard of review is whether, viewing the evidence and all reasonable inferences derived therefrom in the light most favorable to the government, the jury could conclude that the evidence is inconsistent with every reasonable hypothesis of the defendant's innocence. *United States v. Spradlen*, 662 F.2d 724, 727 (11th Cir. 1981). Viewing the evidence in the light most favorable to the government, the facts are as follows.

On April 13, 1979, a United States Treasury check in the amount of $888.35 was issued at the United States Treasury Disbursing Center in Birmingham, Alabama. The check was payable to Dan B. and Lydia D. McClain and represented a federal income tax refund claimed by the McClains. The check was placed in the mail at Birmingham, Alabama, for delivery to the McClains' address in Cocoa, Florida. The McClains' correct address was printed on the check and appeared through a clear plastic window in the envelope. The McClains checked their mailbox every day for the check but it never arrived. Eventually, the McClains filed a claim for the check.

On April 23, 1979, the check was negotiated at the Sun Bank of Cocoa. On the back of the check were endorsements purporting to be those of Dan B. McClain and Lydia D. McClain. Neither Dan nor Lydia, however, endorsed the check, and neither gave anyone else permission to do so. Also on the back of the check, the number 640–301932–1 was written. That number was identical to the account number of a savings account in the appellant's name at the Sun Bank of Cocoa. The McClains had no account at that bank. Also on April 23, 1979, a pre-encoded deposit slip bearing the account number 640–301932–1, but with the names Dan B. and Lydia McClain written in, was processed at the Sun Bank of Cocoa showing a deposit of $88.35. It was not possible to ascertain from bank records whether the check was negotiated at the same time that the deposit was made. Both transactions, however, were handled by the same teller.

On July 28, 1980, appellant was interviewed by a Special Agent of the United States Secret Service. The agent showed appellant a copy of the check. Appellant denied any knowledge of the check and stated that she did not know the McClains. The agent read the number 640–301932–1 from the back of the check to the appellant, who indicated that the number sounded like an account number that she held. Appellant further stated to the agent that she had lived in the Cocoa, Florida, area at the time the check was negotiated.

The agent obtained fingerprints, palmprints, and handwriting specimens from the appellant during the interview. Fingerprints and palmprints corresponding to the appellant's were found on the check. In addition, a handwriting expert testified that he detected points of similarity between the endorsements on the check and appellant's handwriting specimens but that

he failed to detect any points of dissimilarity. On this basis, he concluded that the appellant probably wrote the endorsements on the check.

 Appellant first contends that the evidence was insufficient to support her conviction for uttering the forged check. We do not agree. The crime of uttering under 18 U.S.C. § 495 requires proof of an attempt to circulate a check by means of a fraudulent representation that it is genuine and an intent to defraud. *United States v. Jones*, 648 F.2d 215, 217 (5th Cir. 1981); *United States v. Eddy*, 597 F.2d 430, 432–33 (5th Cir. 1979). Appellant takes the position that the government failed to prove that she uttered the check because there is no evidence that she was the individual who actually negotiated the check at the Sun Bank of Cocoa. Uttering does not require presentation at a bank for cashing, however, but only an attempt to circulate. *United States v. Jones*, 648 F.2d at 217. The evidence shows that appellant's savings account number was written on the back of the check; that a deposit was made into appellant's savings account, on the same day the check was negotiated, in the amount of $88.35, exactly $800.00 less than the amount of the check; that the payees' names were written on appellant's deposit slip, which was pre-encoded and likely only to be in the appellant's possession; and that the deposit was handled by the same teller who cashed the check. We believe that the jury reasonably could conclude that this evidence is inconsistent with every reasonable hypothesis of appellant's innocence.

Appellant's second contention is that the evidence was insufficient to support a finding of venue in the Middle District of Florida with respect to her forgery conviction. "[T]erritorial jurisdiction and venue are essential elements of any offense in the sense that the burden of proof is on the prosecution to prove their existence." *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980). However, venue need only be proved by a preponderance of the evidence as opposed to beyond a reasonable doubt. *Id.* at 534. Evidence of venue need

not be direct; when circumstantial evidence as a whole reasonably supports the inference that the crime was committed in the trial district, the government's burden is satisfied. *United States v. Martino*, 648 F.2d 367, 400 (5th Cir. 1981); *United States v. White*, 611 F.2d at 534. The evidence in this case supports the inference that the forgery occurred in Cocoa, Florida, which is within the Middle District of Florida. The appellant and the payees were residents of Cocoa at the time the check was mailed. The check was cashed in Cocoa only a few days after it was mailed to the payees' address in Cocoa. The appellant's fingerprints and palmprints were found on the check, and she was identified by a handwriting expert as the person who forged the check. These facts are sufficient to satisfy the government's burden of showing by a preponderance of the evidence that the crime occurred in the Middle District of Florida.

For the reasons expressed herein, the appellant's convictions are

AFFIRMED.