**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clarence HENDERSON, Defendant-Appellant.**

**No. 82–5549 Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1982.

As Corrected April 21, 1983.

James R. Valerino, Orlando, Fla., for defendant-appellant.

Donald E. Christopher, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In March, 1982 the defendant, Mr. Clarence Henderson, was tried and convicted by a jury for the offense of forgery in violation of 18 U.S.C. § 495 (1980).[1] Mr. Henderson made a motion for judgment of acquittal at the close of the evidence based upon insufficient evidence to convict and is appealing the trial court's denial of that motion. This court, upon careful review of the evidence agrees with the defendant that the motion for judgment of acquittal should have been granted and we therefore reverse the conviction.

On October 10, 1979 a United States Treasury check, number 48,951,733 for the amount of $1,052.70 was mailed to Mr. Samuel Moore, Rural Route 1, Box 625, St. Cloud, Florida. Mr. Moore, however, never received this check and never authorized anyone to endorse or cash the check. The defendant, Mr. Moore's brother-in-law, was

---

1. The charge of forgery has been defined as " 'the false making or materially altering, with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy, or the foundation of legal liability.' " *United States v. Jones,* 648 F.2d 215, 217 (5th Cir. 1981); *Hubsch v. United States,* 256 F.2d 820, 823 (5th Cir.1958).

residing with Mr. Moore at the time when the check was mailed. Also residing in the same house at the time the check arrived were Mr. Moore's five sisters, and the defendant's wife, Ms. Henderson. Although they reside in the same house, Mr. Henderson had a separate mailbox from Mr. Moore and his family. However, Mr. Moore's mailbox serviced his sisters, aunts and uncles.

On November 13, 1979, three days after the check was mailed, the check was cashed at the Sun Bank of Osceola County in St. Cloud, Florida. The teller at the bank cashed the check after receiving the appropriate identification and noting on the back of the check the following information: Winifred Moore Henderson, front address, license number H36095 or 8771, five foot black female, date of birth July 31, 1955, tag number DEA 206, West Palm Beach County. The driver's license used for identification belonged to Winifred Moore Henderson, wife of the defendant. The car Ms. Henderson drove to the bank is registered to her husband, the defendant. However, the car, according to Mr. Moore's testimony was equally driven by Mr. Henderson, Ms. Henderson and Mr. Moore. Mr. Moore also acknowledged that other members of his family may have had access to the same automobile. The check, when received by the teller, already had the endorsements of Samuel Moore and Winifred Moore written on the back of the check. The teller, however could not remember how many people were in the car at the time the check was cashed; nor could she identify the defendant.

On December 14, 1979, one day after the check was cashed, Ms. Henderson opened a joint account for herself and her husband at the same Sun Bank. Her initial deposit was $600.00 in cash. The defendant during a subsequent investigation explained that this money came from boxing, and from gambling at Jai Alai and the dog track. Specifically, Mr. Henderson stated that he earned $300 in cash by boxing in November and December of 1979. Records from the boxing arena indicated that Mr. Henderson had only earned $200.00 from boxing in November, 1979, and that he had not boxed at that arena in December, 1979.

### I.

The appropriate standard of review in criminal cases is to consider the evidence and draw all reasonable inferences in a light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *see also United States v. Davis,* 679 F.2d 845, 852 (11th Cir.1982). Until recently, this court, when addressing appeals based on insufficient evidence, had applied the principle of whether reasonable minds could conclude that the evidence was inconsistent with any reasonable hypothesis of the accused's innocence. *United States v. Marx,* 635 F.2d 436 (5th Cir.1981); *United States v. DeWeese,* 632 F.2d 1267 (5th Cir.1980); *United States v. Lonsdale,* 577 F.2d 923 (5th Cir.1978). However, recently in *United States v. Bell,* 678 F.2d 547 (5th Cir. Unit B) (en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982), this court concluded that "[i]t is not necessary that the evidence exclude *every* reasonable hypothesis of innocence or be *wholly* inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Id.* at 549 (emphasis added); *see also id.* at 549 n 3.

Under either standard and viewing the evidence in a light most favorable to the government, the evidence in this case was insufficient to sustain a finding of guilt. The evidence, excluding the handwriting analysis, was entirely circumstantial. Circumstantial evidence can be and frequently is more than sufficient to establish guilt beyond a reasonable doubt. The test for evaluating circumstantial evidence is the same as in evaluating direct evidence. *United States v. Hinds,* 662 F.2d 362, 367 (5th Cir.1981). However, under the facts and evidence presented in this case, the circumstantial evidence was insufficient. To understand why the evidence fell

short of the appropriate standard, under the facts of this case, it is necessary to review the definition of circumstantial evidence and its distinction from direct or testimonial evidence.

■ Direct evidence can be defined as when a witness testifies as to the fact being asserted on the basis of his or her personal knowledge of the fact. *See* I C. Torcia, Wharton's Criminal Evidence § 6 (13th ed. 1972). Alternatively, circumstantial evidence is not testimony to the specific fact being asserted, but testimony to other facts and circumstances from which the jury may infer that the fact being asserted does or does not exist. The distinction between these two types of evidence is that with direct evidence, the jury does not have to draw inferences to decide whether the fact asserted exists, the evidence directly supports the existence or non-existence of the fact and the jury's involvement is to decide whether they believe what the witness says. With circumstantial evidence the jury must decide whether to draw the inference or connection between the evidence presented and the fact asserted.

The evidence presented in this case by the government included the following: Ms. Henderson cashed the check in question on December 13, 1979; the check already had two endorsements on it, that of Samuel Moore and Winifred Moore; Mr. Moore did not sign the check, nor did he authorize anyone to sign it; the car in which Ms. Henderson drove to the bank to cash the check was registered to the defendant; the defendant is Mr. Moore's brother-in-law; Ms. Henderson opened a joint savings account in the names of herself and her husband in the amount of $600.00 cash, the day after the treasury check was cashed; Mr. Henderson stated that he had earned $300.00 cash boxing when he had only earned $200.00; Mr. Henderson further stated that he had boxed in November and December of 1979, but the boxing arena records show that he boxed only in November; a special agent handwriting examiner testified that the defendant "probably" en-

dorsed the Samuel Moore signature, but he could not express an expert's opinion that it *was* the defendant who signed the check, nor could he positively eliminate Ms. Henderson as the endorser; Ms. Henderson's fingerprint was found on the check, however Mr. Henderson's fingerprint was not found on the check.

■ Although it is apparent that someone endorsed Mr. Moore's signature on the back of the treasury check, the evidence was not sufficient for a fair jury to conclude beyond a reasonable doubt that Mr. Henderson was the endorser. The evidence, because it was circumstantial required that the jury draw an inference that because Ms. Henderson used the defendant's car to cash the check, and because Ms. Henderson did cash the check, the defendant must have signed the check. This simply does not follow. It is unreasonable to infer Mr. Henderson's guilt based upon the actions of his wife. *See United States v. Forrest,* 620 F.2d 446 (5th Cir.1977). Yet, it is apparent from the evidence that there was little else upon which to base a conviction. The fact that the defendant thought he had boxed twice in 1979, and that he earned $300 rather than $200 does not imply that he endorsed the check in question. The conclusion of forgery from these facts is a non sequitur. Although circumstantial evidence is testimony to the surrounding facts and circumstances of the point at issue, they must at some point connect, to allow the trier of fact to draw the inference that the fact asserted is true.

The handwriting analysis testimony is ambiguous at best. The agent could not express a positive opinion that Mr. Henderson was the endorser of the check. In a recent case this court did affirm a conviction for forgery based on evidence of a handwriting analysis where the expert could only state that the defendant "probably" endorsed the check. However, that case is distinguished by the other evidence presented.

In *United States v. Rivamonte,* 666 F.2d 515 (11th Cir.1982), the defendant cashed a check in the amount of $888.35. This check was made out to parties other than the defendant. When the defendant presented the check to the bank, it was endorsed on the back and next to the endorsement was an account number. This number matched exactly the defendant's savings account number. Later that same day the defendant deposited $88.35 into her savings account. The deposit was made with a pre-encoded deposit slip, bearing the defendant's account number, but the names written in on the deposit slip belonged to the true owners of the check that was cashed by the defendant earlier that day. Additionally, the defendant's fingerprints and palm prints were found on the check in question. The court in affirming the conviction stated that "[w]e believe that the jury could conclude that this evidence is inconsistent with every reasonable hypothesis of appellant's innocence." *Id.* at 517.

Although both *Rivamonte* and the present appeal had handwriting experts testify that the respective defendants "probably" endorsed the checks, the additional evidence in *Rivamonte* constituted sufficient evidence to sustain a conviction. The fingerprints and the defendant's account number support the conclusion drawn by the handwriting expert in *Rivamonte.* In the present case, the additional evidence, together with the handwriting expert's "probable" testimony, is not sufficient.

In *United States v. Lonsdale,* 577 F.2d 923, 925 (5th Cir.1978), the court reversed a conviction for uttering a United States Treasury check, based on insufficient evidence stating:

> A trial judge should not permit a case to go to the jury if the evidence is so scant that the jury could only speculate or conjecture as to the defendant's guilt, and "a motion of acquittal must be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonably minded jury *must*

have a reasonable doubt as to the existence of any of the essential elements of the crime charged."

*Id.* quoting *United States v. Stephenson,* 474 F.2d 1353, 1355 (5th Cir.1973) (emphasis in original); *see United States v. Hoggins,* 545 F.2d 1009, 1012 (5th Cir.1977).

 Having considered all the evidence and the appropriate standards of review, we conclude that the evidence against the defendant was so scant and speculative that a reasonable jury could not have found the defendant guilty beyond a reasonable doubt. The district court erred in denying the appellant's motion for judgment of acquittal and we

REVERSE.