**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph W. KILLINGSWORTH,**
**Defendant-Appellant.**

**No. 83–8045**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 17, 1983.

Certiorari Denied Feb. 21, 1984.
See 104 S.Ct. 1311.

Stanley M. Baum, Atlanta, Ga., for defendant-appellant.

Richard W. Hendrix, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Joseph W. Killingsworth appeals to this court from his conviction in the district court for violating various provisions of Title 18 of the United States Code. Killings-

worth argues that this court should reverse his conviction because the United States did not offer sufficient evidence at trial to allow the jury to return a guilty verdict, because the trial judge erred in allowing into evidence certain testimony, or for both reasons. We hold that Killingsworth's contentions lack merit and affirm the judgment of the district court.

Killingsworth and Lee B. Sundsted submitted a proposal for funding under the Help Through Industry Retraining and Employment (HIRE) Program to the United States Department of Labor (DOL) on February 9, 1978. The HIRE program was intended to provide training and employment opportunities for unemployed veterans and other qualified persons. The program provided benefits to employers who complied with its requirements. The DOL required each employer to submit a detailed proposal setting forth the number of persons to be employed and the training they would receive. Before the DOL released funds to an employer, it required that employer to certify that the employees had received training in the manner specified in the proposal.

Killingsworth and Sundsted submitted their proposal on behalf of Engineers International, Inc. Sundsted served as president of Engineers International, and Killingsworth served as Engineers International's contact person for the training program. Both signed the proposal. The proposal detailed specific training to be given to 15 persons (later increased by amended proposals to more than 30 persons); the DOL paid Engineers International over $129,000 pursuant to payment certifications submitted for training costs.

A dispute between Killingsworth and Sundsted concerning who should receive payment under the twenty-third invoice Engineers International submitted to the DOL attracted the DOL's attention. A DOL investigator examined Engineers International's business records and contacted certain participants in the HIRE training program. After learning that few or none of the participants in the program had re-

ceived training and that they had not been hired as permanent members of Engineers International's work force, the DOL apparently notified the Department of Justice and a criminal investigation was begun. As a result of the investigation, Killingsworth was indicted on June 15, 1982 on three counts: conspiracy to defraud the government, 18 U.S.C. § 286 (1976); submission of a proposal to the DOL containing false and fraudulent statements of material fact, 18 U.S.C. §§ 2, 1001 (1976); and aiding and abetting Sundsted in fraudulently obtaining money under the Comprehensive Employment and Training Act (CETA), 18 U.S.C. §§ 2, 665(a) (Supp. V 1981). In November, 1982, Killingsworth was tried and found guilty by the jury under all three counts of the indictment.

I

Killingsworth first contends that the government produced insufficient evidence at trial to sustain his conviction. Specifically, Killingsworth argues that the government did not show that he conspired with Sundsted or that he had the necessary intent to defraud. We find the evidence clearly sufficient to sustain the conviction. "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.) (en banc) (footnote omitted), *aff'd*, —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983); *see also United States v. Henderson*, 693 F.2d 1028 (11th Cir.1982).

The government introduced evidence at trial showing that Killingsworth signed several of the documents submitted to the DOL containing specific references to the training Engineers International would provide. In addition, the evidence showed that Killingsworth and Sundsted were the principal officers of Engineers International, the company on whose behalf the proposal was submitted. Proof of a conspiracy need not be direct, *see United States v. Vera*, 701

F.2d 1349, 1357 (11th Cir.1983), and this evidence clearly furnishes a basis from which the jury can conclude that Killingsworth participated in the conspiracy.

Killingsworth argues that he lacked the intent to defraud because the government produced no evidence that he was aware of the training requirement. The evidence demonstrated, however, that Killingsworth had not only signed the HIRE program proposal and the funding agreement, but that he had handled and written on the "HIRE Guidelines for Employers" instruction booklet published by the DOL. Two witnesses testified that Killingsworth had told them of his training experience with the HIRE program while negotiating for a contract under another government program. Although Killingsworth testified that he never read the documents in question, his credibility is a matter left to the discretion of the jury. *See United States v. Parr*, 516 F.2d 458 (5th Cir.1975). We conclude that there was sufficient evidence of Killingsworth's intent to defraud to send the case to the jury.[1]

### II

■ Over defense counsel's objection, the government introduced evidence that two of the participants who were allegedly receiving training in the HIRE program were actually conducting training for Engineers International in another program called the Skill Training Improvement Project (STIP). Killingsworth argues that the district court erred by failing to grant his motion for a mistrial on the grounds that the evidence was improperly admitted. According to Killingsworth, the reference to his involvement with STIP was extrinsic act evidence inadmissible under Federal Rule of Evidence 404(b).[2]

Killingsworth denied having read any of the pertinent HIRE documents and asserted that he did not know that the HIRE program was a training program. The record demonstrates that the government introduced the evidence concerning the STIP program to rebut these claims of lack of intent to defraud. As such, the evidence was clearly admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See United States v. Beechum*, 582 F.2d 898 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). This evidence also was admitted to demonstrate that employees participating in the HIRE program did not actually receive training. Therefore, we conclude that the trial court properly admitted the evidence.[3]

The judgment of the trial court is

AFFIRMED.

---

1. For purposes of this appeal, we assume but do not decide that had Killingsworth been ignorant of the training requirement he would have lacked the required intent to defraud.

2. Killingsworth also contends that the evidence relating to the STIP program should not have been admitted because the government failed to prove that he in fact committed the extrinsic offense. Killingsworth mischaracterizes the issue: the government did not contend that his participation in the STIP program constituted a crime. The evidence was admitted to negate his claims of lack of intent to defraud, not as a prior conviction under Rule 609.

3. In his brief, Killingsworth refers also to evidence admitted on rebuttal. Two witnesses who were involved with the STIP program testified that Killingsworth's reputation for truth and veracity was poor. Killingsworth had earlier testified on his own behalf. Killingsworth did not object to this testimony at trial, and it is clearly admissible under Rule 404. The testimony by these witnesses that Killingsworth's work with respect to STIP was of poor quality was also admissible as rebuttal evidence. *See United States v. Delk*, 586 F.2d 513 (5th Cir. 1978).