[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14196
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00480-LSC-GMB-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ATRAVIUS SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 12, 2020)

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

A jury found Atravius Smith guilty of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute marijuana, in violation of § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Smith to 60 months' imprisonment for each conviction and directed that the terms of imprisonment be served consecutively.

Smith raises two issues on appeal. First, he argues that the district court erred in denying his motion for judgment of acquittal, because the evidence did not support his convictions. Second, Smith contends that his sentence is both procedurally and substantively unreasonable. After careful review of the record and of the parties' briefs, we reject both arguments and affirm.

## BACKGROUND

Smith was convicted for engaging in a drug conspiracy that involved shipping marijuana from Texas to Alabama for distribution. At trial, one of Smith's co-conspirators, Kederemi Thomas, testified against him. Thomas testified to the following. Thomas and his cousin, Nathan Brown of El Paso, Texas, had an agreement in which Brown would ship marijuana to Montgomery, Alabama. Starting in 2016, Thomas and Smith pooled their money together and twice a week mailed between $16,000 and $25,000 to Brown, in exchange for shipments of up to 50 pounds of marijuana a couple times a week.

2

On the day they were arrested, Smith drove Thomas and another co-conspirator to the post office in his car to pick up a package of marijuana. Smith and the other co-conspirator went inside the post office to retrieve the package; Thomas sat in the driver's seat waiting in case they had to leave quickly. Smith had a firearm on him that day but left it under the driver's seat before entering the post office.

On cross-examination, Thomas made two acknowledgements. First, he admitted that he had pled guilty and was cooperating with the government to receive a more lenient sentence. Second, Thomas acknowledged that his proffer with the government did not include information that Smith was involved in the marijuana conspiracy.

At the close of the government's case, Smith moved for judgment of acquittal, which the district court denied. The jury convicted Smith on both the conspiracy and distribution counts. At sentencing, the district court determined that Smith's Sentencing Guidelines offense level was 18 and assigned him a criminal history category of VI, resulting in a Guidelines range of 57 to 71 months' imprisonment. But the district court found the Guidelines sentence range insufficient to meet the sentencing goals set forth by statute. Accordingly, the district court sentenced Smith to 120 months' imprisonment—60 months on each

count to run consecutively—finding that this was "the appropriate sentence" given

Smith's "[use of a] firearm, his [criminal] history, [and] his disrespect for the law."

## DISCUSSION

### I.

We will first address Smith's challenge to his convictions.  Smith argues that

the district court should have granted his motion for judgment of acquittal, as

insufficient evidence supported his convictions.  We review the denial of a motion

for acquittal de novo.  *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir.

2005).  We likewise review the sufficiency of the evidence supporting a conviction

de novo.  *Id.*  "All factual and credibility inferences are drawn in favor of the

Government."  *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000).

The evidence is sufficient to support a conviction if "a reasonable trier of

fact, choosing among reasonable interpretations of the evidence, could find guilt

beyond a reasonable doubt."  *United States v. Diaz-Boyzo*, 432 F.3d 1264, 1269

(11th Cir. 2005) (per curiam).  "The evidence does not have to exclude every

reasonable hypothesis of innocence."  *Hernandez*, 433 F.3d at 1334–35 (internal

quotation mark omitted).  The jury may choose between reasonable constructions

of the evidence.  *Id* at 1334.  "Credibility determinations are the exclusive province

of the jury," and we will not find testimony incredible as a matter of law unless it

is "unbelievable on its face."  *United States v. Thompson*, 422 F.3d 1285, 1291–92

(11th Cir. 2005) (alteration rejected).  Testimony is "unbelievable on its face" if it concerns facts a witness "could not have possibly observed" or events that defy the "laws of nature."  *Id.* at 1291.

In deciding whether the evidence was sufficient, we do not distinguish between circumstantial and direct evidence.  *United States v. Tate*, 586 F.3d 936, 945 (11th Cir. 2009).  Circumstantial evidence is frequently "sufficient to establish guilt beyond a reasonable doubt."  *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982).  "[C]ircumstantial evidence is not testimony to the specific fact being asserted, but testimony to other facts and circumstances from which the jury may infer that the fact being asserted does or does not exist."  *Id.* at 1031.  "[T]he jury must decide whether to draw the inference . . . between the evidence presented and the fact asserted."  *Id.*

To convict a defendant under § 841(a)(1), "the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it."  *United States v. Farris*, 77 F.3d 391, 393, 395 (11th Cir. 1996).  "Possession may be actual or constructive and may be proved by circumstantial evidence."  *Id.* at 395.  To convict a defendant under a theory of aiding and abetting under § 2, the government must prove that he "associated himself with the criminal venture and sought to make the venture a success."  *Id.*

To obtain a conspiracy conviction, "the government must prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means." *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam). "[T]he government need not demonstrate the existence of a formal agreement, but may instead demonstrate by circumstantial evidence a meeting of the minds to commit an unlawful act." *United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) (citation omitted) (internal quotation marks omitted). "[T]he government must have proven beyond a reasonable doubt . . . that a conspiracy existed and that the defendant knowingly and voluntarily joined the conspiracy." *Garcia*, 405 F.3d at 1269. The government does not need to "prove that the defendant[] knew all of the detail or participated in every aspect of the conspiracy," but the government "must . . . prove that the defendant[] knew the essential nature of the conspiracy." *Id.* at 1269–70 (internal quotation mark omitted). Whether the defendant "knowingly volunteered to join the conspiracy may be proven by direct or circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *Id.* at 1270 (internal quotation mark omitted).

Here, Smith argues that the district court erred in denying his motion for acquittal because—in his view—there was insufficient evidence to show that he

6

agreed and acted with his co-conspirators to distribute marijuana or that he possessed marijuana with the intent to distribute it. We disagree. The evidence, viewed in the light most favorable to the government, plainly supported Smith's conviction on both counts. As to the conspiracy count, through Thomas's testimony, the government established beyond a reasonable doubt that Smith knowingly and voluntarily entered into an agreement to illegally distribute marijuana. Smith's attempt to undermine Thomas's testimony fails. Credibility determinations are for the jury, and we only second-guess such determinations when testimony is "unbelievable on its face." *Thompson*, 422 F.3d at 1291–92. But neither Thomas's motivation to testify nor his prior inconsistent statements establish that his testimony was unbelievable as a matter of law. *See id.* We therefore reject this invitation to revisit the jury's credibility determination. *See id.*

As for Smith's other conviction, the government established beyond a reasonable doubt that Smith knowingly possessed marijuana with the intent to distribute under an aiding and abetting theory. In addition to Thomas's testimony, Smith (and his two co-conspirators) was arrested after driving to the post office and retrieving a 22-pound package of marijuana. Both Thomas and the other co-conspirator told investigators that Thomas and Smith sold marijuana together. Since the evidence at trial was sufficient to convict, we affirm Smith's convictions on both counts.

7

II.

Smith also challenges his sentences.  For the first time on appeal, Smith argues that the district court procedurally erred by ordering his two 60-month sentences to be served consecutively.  Smith also reasserts the objection he made at sentencing to his total 120-month sentence's substantive reasonableness.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  If a party does not preserve an argument before the district court, we review only for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  We will correct a plain error that affects a defendant's substantial rights only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."  *Gall*, 552 U.S. at 51.  We ensure that the district court treated the Guidelines as advisory, considered the 18

8

U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* The district court's acknowledgment that it has considered the § 3553(a) factors and the defendant's arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). The district court is not required to discuss each of the § 3553(a) factors individually. *Id.*

Section 5G1.2 of the Sentencing Guidelines concerns sentencing on multiple counts of conviction. *See generally* U.S.S.G. § 5G1.2. In relevant part, it states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." *Id.* § 5G1.2(c). But "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." *Id.* § 5G1.2(d).

Section 5G1.2's commentary explains that the "total punishment"—the combined length of the sentences imposed in a multiple-count case—"is determined by the court after determining the adjusted combined offense level and the Criminal History Category and determining the defendant's guideline range on

the Sentencing Table." *Id.* § 5G1.2 comment. (n.1). The commentary contemplates that, normally, one count will have a statutory maximum adequate for the sentence on that count to serve as the total punishment. *Id.* However, "[i]f no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment." *Id.*

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence under the abuse-of-discretion standard. *Gall*, 552 U.S. at 51. On substantive reasonableness review, we may vacate the sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" to arrive at an unreasonable sentence based on the facts of the case. *Irey*, 612 F.3d at 1190 (internal quotation mark omitted). The district court must issue "a sentence sufficient, but not greater than necessary, to comply with the purposes [of § 3553(a)(2)]," which include the need for a sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "[deter] criminal conduct," and "protect the public" from future criminal conduct. 18 U.S.C. § 3553(a). The court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). "[W]e will not second guess the weight" that the district court gave to a § 3553(a) factor if the sentence "is reasonable in light of *all* the circumstances." *United*

10

*States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). "[The district court] is permitted to attach great weight to one [of § 3553(a)'s] factor[s] over others." *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (internal quotation marks omitted). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Turning to the present case, we must review Smith's challenge to the procedural reasonableness of his sentence for plain error because he did not raise it before the district court. We review his challenge to the substantive reasonableness of his sentence for abuse of discretion because he preserved that objection before the district court. Under plain error review, Smith has not established that the district court committed procedural error by having his two 60-month sentences run consecutively, as § 5G1.2 permits a total punishment that would ordinarily be higher than one or more counts' statutory maximums in a multiple-count case and the district court did not exceed the statutory maximum on either of Smith's counts to achieve his total punishment of 120 months. Nor has Smith established that the district court abused its discretion and sentenced him to a substantively unreasonable sentence, as the district court could consider Smith's previous drug distribution charges and attach a considerable amount of weight to

11

them over the other relevant § 3553(a) factors.  Accordingly, we uphold his

sentences in addition to his convictions.

**AFFIRMED.**