[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11616

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERMAINE LAMAR HARVARD,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cr-00032-RBD-PRL-1

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Jermaine Harvard appeals his conviction for distribution of fentanyl resulting in the death of a user. On appeal, Harvard argues that his conviction is not supported by sufficient evidence because the government failed to prove the identity of the victim and failed to prove that he sold the victim a substance that was the but-for cause of her death. He also argues that the district court abused its discretion in admitting hearsay evidence as to the victim's identity and in admitting evidence of his uncharged conduct in violation of Federal Rules of Evidence 403 and 404. After careful consideration of the parties' arguments, we affirm.

**I**

We review "sufficiency of evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007). We review for plain error, however, when the defendant raises a claim challenging the sufficiency of the evidence on a ground not argued below. *See United States v. Achey*, 943 F.3d 909, 913 n.3 (11th Cir. 2019). Under plain error review, we, at our discretion, may correct an error where the defendant demonstrates: (1) an error occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial

proceedings.  *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018).

"If a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt, the verdict will be affirmed." *Achey*, 943 F.3d at 913 (quotation marks omitted).  "A reviewing court's limited determination on sufficiency review" does not depend "on how the jury was instructed." *Musacchio v. United States*, 577 U.S. 237, 243–44 (2016) (holding that a sufficiency challenge should be assessed against the elements of the crime as properly charged in the indictment).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence." *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).

In assessing the sufficiency of the evidence, we consider all the evidence admitted at trial, even unconstitutionally admitted evidence.  *See United States v. Smith*, 459 F.3d 1276, 1286 n.10 (11th Cir. 2006).  "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Mieres-Borges*, 919 F.2d 652, 656–57 (11th Cir. 1990) (quotation marks omitted).  Circumstantial evidence is frequently more than sufficient to establish guilt beyond a reasonable doubt.  *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982).  "[C]ircumstantial evidence is not testimony to the specific fact being asserted, but testimony to other facts and circumstances from which the jury may infer that the fact being asserted does or does not exist." *Id.* at 1031.  The jury must

decide whether to draw the inference between the evidence presented and the fact asserted. *Id.* When the government relies on circumstantial evidence to prove an element of the offense, reasonable inferences from the evidence must support the conviction, not mere speculation. *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011).

To support a conviction under 21 U.S.C. § 841(a)(1), the government must show that the defendant knowingly or intentionally distributed a controlled substance. A penalty-enhancement provision for § 841(a) provides that a defendant shall be sentenced to a term of not less than 20 years' imprisonment, or more than life, if he distributed a Schedule I or II drug and death or serious bodily injury "results from the use of such substance." *Id.* § 841(b)(1)(C). The government must prove that the use of the drug was the but-for cause of the victim's death. *See Burrage v. United States*, 571 U.S. 204, 210–14 (2014). "Because the 'death results' enhancement increase[s] the minimum and maximum sentences to which [a defendant is] exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 210. Fentanyl is a Schedule II substance. 21 U.S.C. 812(c) Schedule II (b)(6).

We review de novo Harvard's argument regarding the failure of the government to prove the substance that he sold the victim was the but-for cause of the victim's death. Because we conclude that a reasonable jury could find that the evidence admitted at trial established Harvard's guilt beyond a reasonable doubt, we will not disturb the jury's verdict. *Achey*, 943 F.3d at 913. While

the evidence showed that the victim was in communication with several potential drug suppliers in the days leading up to her death, the jury could reasonably conclude that Harvard distributed the fentanyl to the victim that caused her death. The victim's messages indicate that she either did not buy drugs from those other suppliers during the relevant time or did not like the drugs she had previously purchased from the other dealers. Meanwhile, the victim's messages with Harvard show that she purchased what she believed to be "good" heroin from Harvard and that she would continue to buy from him. The evidence further indicates that Harvard sold fentanyl to the victim that she believed was heroin because she texted him the day of her death, asking "It's h right. . . I never seen it white before," and Harvard confirmed that it was. The narcotics officer, however, testified that heroin is a brown substance. Although Harvard contends that there were multiple untested pills found on scene that may have contained the fentanyl that the victim used, the narcotics officer identified the pills as anti-anxiety or depression medications, and there was no evidence that the pills actually contained fentanyl. While the inculpatory evidence in this case is not direct, the jury could reasonably infer from the substantial circumstantial evidence that Harvard sold the victim fentanyl that was the but-for cause of her death.[1]

---

[1] To the extent Harvard argues that the fentanyl was not the but-for cause of the victim's death "if it only contributed to an overall effect" that resulted in her death, the jury could have reasonably concluded that the fentanyl was the but-for cause of the victim's death based on the testimony of the medical examiner that the victim died as a result of fentanyl toxicity and was otherwise healthy.

We review Harvard's argument that the government failed to prove the identity of the decedent for plain error as he did not challenge the sufficiency of the evidence on this ground below. Harvard cannot show plain error because the decedent's identity is not an element of the offense that the government was required to prove beyond a reasonable doubt. *See* 21 U.S.C. § 841.

## II

We review a district court's decision as to the admissibility of evidence under a deferential abuse-of-discretion standard and "will affirm even if we would have decided the other way." *United States v. Burnette*, 65 F.4th 591, 605–06 (11th Cir. 2023) (quotation marks omitted). Accordingly, even erroneous evidentiary rulings are only reversed if the resulting error was not harmless. *United States v. Dickerson*, 248 F.3d 1036, 1048 (11th Cir. 2001). An error is harmless where it had "no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.* (quotation marks omitted).

Hearsay is an out-of-court statement that is offered as evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible unless it falls under one of the stated exceptions to the hearsay rule. *See* Fed. R. Evid. 802. An out-of-court statement that is either (1) offered to show its effect on the listener or (2) "more in the nature of an order or a request" that, "to a large degree, [is] not even capable of being true or false," is not hearsay. *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) (quotation marks omitted). An

out-of-court statement may be admitted to explain the course of an official's investigative actions if "the probative value of the evidence's nonhearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement." *United States v. Ransfer*, 749 F.3d 914, 925 (11th Cir. 2014) (quotation marks omitted).

A statement that is otherwise inadmissible hearsay is admissible if it is a record of an event and (1) was made at or near the time of the event by someone with knowledge of it; (2) was kept in the course of a regularly conducted business activity; (3) making the record was a regular practice of that activity; and (4) those conditions are shown by the testimony of the custodian of the records or another qualified witness. Fed. R. Evid. 803(6). We have noted that reliability is the "touchstone of admissibility" under Rule 803(6) and that the district court has "broad discretion" to admit evidence under this rule. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1183 (11th Cir. 2006).

The right to cross-examine witnesses is protected by the Confrontation Clause. *United States v. Diaz*, 26 F.3d 1533, 1539 (11th Cir. 1994). We have held that autopsy reports implicate the Confrontation Clause. *United States v. Ignasiak*, 667 F.3d 1217, 1231 (11th Cir. 2012). A defendant is entitled to confront a report analyst at trial where (1) the report is considered to be "testimonial," (2) the analyst who prepared or certified such a report is a witness against the defendant, and, (3) absent a showing that the analyst is unavailable and that the defendant had a prior cross examination

8                    Opinion of the Court                    23-11616

opportunity.  *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009).

On appeal, Harvard argues that the district court abused its discretion by allowing in evidence of the victim's identification, including her license and toxicology and autopsy reports.  We disagree.  The relevant crime scene photos that showed the victim's name and driver's license were not hearsay because they were offered to demonstrate what the testifying officer encountered when he arrived at the scene, not to prove the truth of the matter asserted within.  The officer's statement that he identified the decedent in part from her driver's license was also not hearsay because he testified to explain his investigatory process and his efforts to identify the decedent, he was available for cross-examination, and the statement was not unduly prejudicial.  *Ransfer*, 749 F.3d at 925; *Diaz*, 26 F.3d at 1539.

Although the autopsy and toxicology reports were hearsay, the district court admitted the reports pursuant to testimony from the medical examiner and the forensic toxicologist that the respective reports were (1) made at or near the time of the recorded activity; (2) kept in the course of a regularly conducted business activity; and (3) made in regular practice.  While the court did not specifically rule that the records were admitted as business records, there is sufficient testimony on the record to support such a determination, and thus the court did not err.

**III**

We review the admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010). "If a reviewing court finds that a district court has abused its discretion in admitting evidence in violation of Rule 404(b), then its decision to uphold the conviction is properly reviewed under a harmless error standard." *United States v. Hubert*, 138 F.3d 912, 914 (11th Cir. 1998). Under that standard, "[r]eversal is warranted only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010) (quotation marks omitted, second alteration in original). "Overwhelming evidence of guilt is one factor that may be considered in finding harmless error." *Id.* (quotation marks omitted).

Rule 404(b) prohibits the introduction of evidence of "a crime, wrong, or [other] act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). It does, however, allow such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Rule 404(b) "is a rule of inclusion, and . . . accordingly 404(b) evidence, like other relevant evidence, should not be lightly excluded when it is central to the prosecution's case." *United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009) (quotation marks omitted).

We employ a three-part test to determine if evidence is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice, as established in Rule 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007); *see also* Fed. R. Evid. 403 ("The [district] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

The first prong of the Rule 404(b) test can be satisfied "where the state of mind required for the charged and extrinsic offenses is the same." *Edouard*, 485 F.3d at 1345. By pleading not guilty, a defendant places his intent at issue. *United States v. Jones* 913 F.2d 1552, 1566 (11th Cir. 1990). We have held that evidence of prior drug dealings is highly probative of intent to distribute a controlled substance. *United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990). We have also held that extrinsic drug offenses do not tend to incite a jury to an irrational decision. *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995).

The third prong of the Rule 404(b) test consists of balancing, under Rule 403, the probative value of the evidence against its prejudicial effect and requires the court to conduct the inquiry based

"upon the circumstances of the extrinsic offense." *Edouard*, 485 F.3d at 1345 (quotation marks omitted). Rule 403 is an extraordinary remedy that courts should employ "only sparingly since it permits the trial court to exclude concededly probative evidence." *Smith*, 459 F.3d at 1295 (quotation marks omitted). Accordingly, we view the disputed evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id*. (quotation marks omitted). The risk of undue prejudice can be reduced by an appropriate limiting instruction. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005); *see also United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993).

Here, the district court did not abuse its discretion in admitting the certified copies of Harvard's prior convictions for drug distribution crimes and the challenged Facebook records in which he discusses a heroin sale because they were relevant as to his intent. *See Edouard*, 485 F.3d at 1345. The probative value of the evidence was also not "substantially outweighed" by its prejudicial effect because the challenged evidence was evidence of prior drug crimes, and therefore highly probative of Harvard's intent to distribute a controlled substance. *Cardenas*, 895 F.2d at 1344. Additionally, any undue prejudice that resulted from the district court's allowance was mitigated by the limiting instructions that it gave to the jury, which instructed the jurors that they could not consider any uncharged conduct as evidence of whether Harvard had engaged in the charged conduct but rather the evidence was offered only to

show his state of mind, intent, motive, or opportunity to commit the crime.  *See Ramirez*, 426 F.3d at 1354.

**AFFIRMED.**